IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–42–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| MICHAEL ANDREW CUELLAR, | |
| Defendant. | |

Before the Court is Defendant Michael Andrew Cuellar's Motion for Early Termination of Supervision. (Doc. 85.) Cuellar pled guilty to bank fraud (Count 7), aggravated identity theft (Count 13), and theft of mail (Count 18) of the Superseding Indictment, and on December 15, 2021, Cuellar was sentenced to 1 day imprisonment as to Counts 7 and 18, and 24 months as to Count 13, followed by a term of supervised release of 3 years as to Count 7, 1 year as to Count 13, and 3 years as to Count 18, with all terms to run concurrent. (Doc. 68.) Cuellar began his period of supervised release on August 23, 2023. (Doc. 86 at 3.) Cuellar now seeks the premature termination of his remaining term of supervised release. (Doc. 85 at 2.) Neither the United States Attorney's Office nor the United States Probation Office objects to the motion. (Doc. *Id.*)

Under federal law, this Court may:

after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Cuellar has served approximately 24 months of supervision, rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Cuellar's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Cuellar waives it, or if the proposed modification is favorable to him and the United States does not object. The premature termination of Cuellar's supervised release is obviously favorable to him and the United States does not object. (Doc. 85.) Accordingly, the Court will dispose of this matter without a hearing.

among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Cuellar's remaining term of supervised release. Cuellar appears to have done well while on supervised release. Upon his release from custody, Cuellar was immediately rehired with his former employer, Brand Safeway. (Doc. 86 at 4.) Cuellar's supervisor states that he is an excellent employee, who is intelligent, considerate, and dependable. (*Id.* at 4–5.) Cuellar has also completed the special condition of supervision that required him to pay restitution to the identified banking entities. (*Id.* at 5.) On January 7, 2025, the Government filed a Satisfaction of Monetary Judgment evidencing that the monetary judgment in this case has been paid in full. (Doc. 83.) Finally, Cuellar's Probation Officer reports that he has had only one violation for suboxone use at the beginning of his term of supervision, but since that time has had no drug related issues. (Doc. 86 at 5.) The Court wishes him luck.

Accordingly, IT IS ORDERED that the motion (Doc. 85) is GRANTED.

3

IT IS FURTHER ORDERED that Cuellar's remaining term of supervised release is TERMINATED as of the date of this Order. The Clerk of Court is directed to notify the United States Probation Office for the District of Montana of the making of this Order.

DATED this 25th day of August, 2025.

Dana L. Christensen, District Judge
United States District Court